IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BERTINA RAE OLSETH,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>MATTHEW D. LARSON, an individual,<br><br>    Defendant. | ORDER and MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:02-CV-1122 CW |

In this action, Plaintiff Bertina Rae Olseth alleges that Defendant Matthew Larson violated her civil rights.  Mr. Larson, a former Salt Lake City police officer, shot Ms. Olseth during an arrest.  Mr. Larson contends that he acted reasonably because he believed that he was in danger, while Ms. Olseth contends that Mr. Larson used unreasonable and excessive force.

Now before the court is Mr. Larson's motion for summary judgment based on qualified immunity.  For the reasons below, his motion is GRANTED in part and DEFERRED in part.  To the extent that Mr. Larson seeks summary judgment on the issue of whether he violated Ms. Olseth's rights under the Ninth and Tenth Amendments, his motion is granted.  Turning to Ms. Olseth's Fourteenth Amendment claim, the court will defer a ruling, as explained below.

## BACKGROUND

On May 15, 1998, Salt Lake City police officers, including Mr. Larson, arrested Ms.

Olseth on suspicion of buying cocaine.[1]  During the arrest, Ms. Olseth was placed in the front seat of a police vehicle whose motor was running.  After being left alone, Ms. Olseth, who was handcuffed behind her back, moved to the driver's side.  The car first moved backward, then forward.  Mr. Larson shot at the vehicle several times, hitting Ms. Olseth.  Ms. Olseth states that she did not mean to make the car move and that Mr. Larson's shooting her was unreasonable because he was not in harm's way.  Ms. Olseth submitted expert reports opining that Mr. Larson was not in danger at the time he shot her.  Mr. Larson contends that he was in fear of his life and that fired at Ms. Olseth in defense of himself, his fellow officers, and the public.

After the incident, Ms. Olseth was convicted in Utah state court of attempting to escape.  She was acquitted of attempting to assault a police officer and of drug possession.  In May 2000, Ms. Olseth filed a suit against several defendants.  She filed a second suit in 2002, and later amended her complaint to name only Mr. Larson as a defendant.  In September 2008, after various procedural issues were resolved, Mr. Larson moved for summary judgment based on qualified immunity.  Ms. Olseth moved to strike Mr. Larson's motion based on untimeliness.

## ANALYSIS

### I.    Ms. Olseth's Motion to Strike

Ms. Olseth points out that Mr. Larson did not file this summary judgment motion until the eve of trial and far beyond the previously-established deadline for dispositive motions.  According to Ms. Olseth, Mr. Larson's motion is therefore untimely and should be stricken.  Mr. Larson's counsel responds that he never received notice of the status conference at which the trial

---

[1] It is worth noting that the record on summary judgment is threadbare, and that the court has used factual recitations from other sources, such as briefs on the docket and oral argument on this motion, in preparing this brief background.

date was set and that he made this motion as soon as he reasonably could after obtaining the needed evidence. He also notes that this case has experienced long periods of inactivity while it wound its way from the Tenth Circuit to the Utah Supreme Court and back, and that the schedule for pleadings was unclear after the case was remanded for further proceedings in July 2007.

The court agrees that the deadlines in this case become inoperative while it was with the Tenth Circuit. Moreover, trial was set without input by Mr. Larson, whose counsel did not receive notice of the relevant status conference. Because of the long delays and uncertainty in the deadlines in this case, the court DENIES Ms. Olseth's motion to strike.

## II.    Mr. Larson's Motion for Summary Judgment

### A.    Ms. Olseth's Ninth and Tenth Amendment Claims

In her claim for relief under 28 U.S.C. § 1983, Ms. Olseth alleges that Mr. Larson violated her rights under the Ninth, Tenth, and Fourteenth Amendments of the Constitution. Mr. Larson correctly contends, and Ms. Olseth does not dispute, that the Ninth and Tenth Amendments do not confer substantive rights on individuals for purposes of civil rights claims. See, e.g., Strandberg v. City of Helena, 791 F.2d 744, 748-49 (9th Cir. 1986) (noting that Ninth and Tenth Amendments are not sources of individual rights in civil rights actions). Mr. Larson's motion for summary judgment is therefore GRANTED with respect to Ms. Olseth's claims under those Amendments.

### B.    Ms. Olseth's Fourteenth Amendment Claim

Mr. Larson contends that a claim for excessive force against a police officer must be brought under the Fourth Amendment. He argues Ms. Olseth did not bring such a claim but instead limited her claim to the Fourteenth Amendment, which he views as protecting only the

3

rights to due process and equal protection.  Because Mr. Larson believed that it would be

inappropriate for the court to analyze Ms. Olseth's claims under the Fourth Amendment, he did

not extensively brief or offer much evidence relevant to a Fourth Amendment analysis.  Instead,

Mr. Larson focused his argument and evidence on the question of whether Ms. Olseth proved

that she was denied due process or equal protection.  Mr. Larson argues that she did not prove

such violations, and so summary judgment should be granted against her.

Ms. Olseth agrees that she must prove her case under the Fourth Amendment, impliedly

conceding that she has not made a case under the due process or equal protection clauses of the

Fourteenth Amendment.  She argues, however, that she is not precluded from offering proof of a

Fourth Amendment violation because her Fourteenth Amendment claim encompasses such a

violation.

Ms. Olseth is correct.  As pointed out by the Tenth Circuit, "[i]n a technical sense, a

Fourth Amendment claim [brought under § 1983] against [state police] officers is also a

Fourteenth Amendment claim because that is the amendment that incorporates the Fourth

Amendment's protections against the states."  Mondragon v. Thompson, 519 F.3d 1078, 1082

n.3 (10th Cir. 2008) (citation omitted).   Moreover, even aside from this technical point, it is

clear that Mr. Larson was put on notice from by the Amended Complaint that Ms. Olseth is

asserting a claim against him for excessive use of force.  For example, Paragraph 2 of the

Amended Complaint is entitled "Civil Rights/Unlawful Use of Deadly Force."  (Am. Comp. ¶ 2.)

Mr. Larson points to various statements in Ms. Olseth's pleadings that could be read as

limiting her Fourteenth Amendment claim to one for due process.  But the court will not construe

the pleadings against Ms. Olseth at this stage.  Indeed, the court has little difficulty reading the

complaint and Ms. Olseth's briefing and factual submissions as an effort to prove an excessive use of force case against Mr. Larson in violation of the Fourth Amendment.

Finally, to the extent that making this clarification at this stage in the proceedings is analogous to allowing Ms. Olseth to amend her complaint, the court sees no harm to Mr. Larson in doing so.  See Childers v. Independent School Dist. No. 1 of Bryan County, State of Okl., 676 F.2d 1338, 1343 (10th Cir. 1982) ("Generally, refusing leave to amend is only justified upon a showing of undue delay, bad faith, or undue prejudice to the opposing party.")  Mr. Larson argues that he would be harmed by allowing the Fourth Amendment claim to proceed because under the Fourth Amendment Ms. Olseth need show that his actions were unreasonable, whereas to prove a substantive due process claim under the Fourteenth Amendment, Ms. Olseth would have the apparently more difficult task of proving that his actions shock the conscience.  But this shift in the standard used to analyze Mr. Larson's alleged actions does not strike the court as prejudicial.  Mr. Larson was on notice that Ms. Olseth claims that Mr. Larson used excessive force and, in any event, it appears that the same set of facts would be involved in assessing either theory.

Because Mr. Larson apparently believed that he did not need to extensively address the Fourth Amendment issue on summary judgment, he is granted leave to submit another memorandum and accompanying record materials on that issue.  He shall have 30 days from the entry of this Order to file that supplemental memorandum.  Ms. Olseth may respond within 30 days after Mr. Larson files his memorandum and a hearing on the issue will be held in due course.  If Mr. Larson concludes that he cannot support a motion for summary judgment under a Fourth Amendment analysis, he shall notify the court and the case will be set for trial.

5

**ORDER**

For the reasons set forth above:

Mr. Larson's motion for summary judgment (Dkt. No. 78) is GRANTED in part, with a

decision on the Fourteenth Amendment claim DEFERRED pending further briefing and

Ms. Olseth's motion to strike (Dkt. No. 80) is DENIED.

SO ORDERED this 5th day of January, 2009.

BY THE COURT:

_____

Clark Waddoups
United States District Judge